UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AHMED MUSLIM AL-SALAHI, #71678739,

                    Petitioner,

v.                                                          2:06CV102

MARY F. LOISELLE, Field Office
Director for Detention and
Removal Operations, Immigration
and Customs Enforcement (ICE),

                    Respondent.


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

I.  STATEMENT OF THE CASE

        Petitioner is a native and a citizen of Iraq, who entered the United States on or about March 29, 1995.  (Pet. at 2.)  In 2003, 2004, and 2005, in the Juvenile and Domestic Relations Court, General District Court, and Circuit Court of Fairfax County, Virginia, petitioner was convicted of contributing to the delinquency of a minor, solicitation of a prostitute, two counts of petty larceny, and unlawful wounding, respectively.  After serving eight months in the Fairfax Adult Detention Center, on May 16, 2005, petitioner was placed in the custody of the BICE.  (Pet. at 3.)  On July 29, 2005, petitioner was ordered removed from the United States.  (Pet. at 2.)

On February 15, 2006, petitioner filed a petition for writ of habeas corpus in federal court, and on August 24, 2006, respondent filed a motion to dismiss.  This matter is now ripe for consideration.

### B.  Issue

Petitioner's sole claim is that his continued detention by the BICE is unlawful pursuant to <u>Zadvydas v. Davis</u>. 533 U.S. 678 (2001). (Pet. at 3.)

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### B.  Petitioner's Claim is Moot.

On August 23, 2006, petitioner was released from custody under an order of supervision, pending his removal from the United States. (Mem. of Law in Support of Resp't Mot. to Dismiss, Ex. 1.)  Petitioner does not challenge the removal order.  "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time the case is decided."  <u>Ross v. Reed</u>, 719 F.2d 689, 693-94 (4th Cir. 1983).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." <u>Spencer v. Kenna</u>, 523 U.S. 1, 7 (1998)(quoting <u>Lewis v. Continental Bank Corp</u>., 494 U.S. 472, 477-78 (1990).  Since petitioner has been released from custody, the case is moot because, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them."  <u>North Carolina v. Rice</u>, 404 U.S. 244, 245 (1971) (quoting <u>Local No. 8-6, Oil, Chemical, and Atomic Workers Int'l Union v. Missouri</u>, 361 U.S 363, 367 (1960).

2

Once petitioner has been released from custody, there must be "some concrete and continuing injury other than the now-ended incarceration . . . --some 'collateral consequence' of the conviction--if the suit is to be maintained." Spencer, 523 U.S. at 7.  In Smith v. Ashcroft, 295 F.3d 425 (4th Cir. 2002), the Fourth Circuit held that where an alien challenges the constitutionality of his deportation proceedings and not simply his detention, the alien was "unmistakably affected by the legal implications of our decision." Id. at 428.  A successful challenge by the alien  would have created the possibility of "beneficially unravel[ing] his untoward immigration status." Id.

In this case, petitioner does not challenge the constitutionality of the deportation proceedings, but rather the detention itself.  A successful challenge by petitioner would have resulted in his release from custody while the BICE continued to effectuate his removal.  Because petitioner is no longer in custody, but rather under an order of supervision while the BICE continues to carry out his removal, a controversy no longer exists.  Therefore, petitioner's claim is MOOT and should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

## IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



_____/s/_____
James E. Bradberry
United States Magistrate Judge

Norfolk, Virginia

_____, 2006

4

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to the following:

Ahmed Muslim Al-Salahi
9804 Clifford Drive, Apt. #101
Fairfax, VA 22031

George, M. Kelley, III, Esq.
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
                Deputy Clerk

_____, 2006